IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Newport News Division

FILED
IN OPEN COURT
MAY 16 2011
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.       )<br>)<br>)<br>MARINE ENVIRONMENTAL )<br>SERVICES, INC.,           )<br>)<br>Defendant.   )<br>)<br>_____ ) | CRIMINAL NO. 4:10CR112 |

## PLEA AGREEMENT

Neil H. MacBride, United States Attorney for the Eastern District of Virginia, Joseph L. Kosky, Assistant United States Attorney, David Lastra, Special Assistant U.S. Attorney, along with the defendant, MARINE ENVIRONMENTAL SERVICES, INC. (MES), and Trey Kelleter, the defendant's counsel, have entered into a plea agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

1. **Offense and Maximum Penalties**:

The defendant will plead guilty to Count One of the Indictment charging the defendant with the knowing discharge of pollutants from a point source into waters of the United States without a permit, in violation of the Clean Water Act, 33 U.S.C. § 1319(c)(2). The maximum penalties for this offense are a fine of the greater of $50,000 per day of violation, or $500,000.00, or twice the gross pecuniary gain or loss derived from the crime, a special assessment, and 5 years of probation.

2. **Sentencing Guidelines**

The United States and MES agree that the 2010 United States Sentencing Commission

Guidelines Manual will be used in this case. The United States and defendant MES further agree that the provisions of Chapter 8 of the United States Sentencing Guidelines, which pertain to fines imposed on organizational defendants such as MES do not apply to environmental offenses, including Clean Water Act violations. See Title 18, United States Code, Sections 3553 and 3572 and U.S.S.G. Sections 8C2.1, Background, and 8C2.10. The United States and MES further agree that the remaining provisions of Chapter 8 of the Sentencing Guidelines, including community service and probation, apply to corporate defendant MES.

3. **The Recommended Sentence**

The United States and defendant MES recommend the following sentence as an appropriate disposition of this case.

    A.    Imposition of a $10,000 fine to be paid to the Clerk, United Sates District Court, within 45 days from the day of sentencing.

    B.    Placement of MES on probation for four years on the terms and conditions contained in paragraph 4 below; and

    C.    During probation, MES will initiate and complete community service projects, as described in paragraph 4, at a cost which shall amount to not less than $50,000. These projects shall have a nexus and provide benefit to the Elizabeth River watershed and the Chesapeake Bay in Virginia.

    D.  Special Assessment -- Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of four hundred dollars ($400.00).

    E.  During the probation, MES will have an independent environmental audit of its entire facility.

### 4. Conditions of Probation

As part of its conditions of probation, MES agrees to the following:

#### A. Community Service Projects

MES agrees to spend not less than $50,000.00 during the four-year period of probation on community service projects. MES will submit a proposed list of projects to the United States Attorney's Office for review and approval no later than 15 days prior to sentencing. The projects must be completed during the period of probation, shall be located in the Eastern District of Virginia within the Elizabeth River watershed, and should involve or be related to watershed issues and environmental compliance within this watershed. The defendant may also consider sponsoring and paying for a training seminar for local businesses that focuses on environmental compliance, the consequences of non-compliance and the use of environmental management systems as part of community service. MES agrees not to claim the costs of these projects as a business expense for tax purposes.

#### B. Environmental Compliance Program

MES acknowledges that the United States Sentencing Guidelines requires the Court to determine whether a defendant has an effective program to detect and prevent violations of law pursuant to Chapter 8, Section 8B2.1, and Section 8C2.5(f). Accordingly, MES will develop and implement an Environmental Management System (EMS) at all of its facilities which satisfies this requirement. MES will submit an outline and schedule of its plan to develop and implement the EMS, including time lines and milestones with applicable dates, to the United States Environmental Protection Agency, Office of Enforcement and Compliance Assurance/Region III, for review and approval within 15 days prior from the sentencing date. MES also agrees that the United States

Environmental Protection Agency, Office of Enforcement and Compliance Assurance/Region III, will have the right to periodically monitor the approved EMS during the probationary period and forward any violations to the United States Probation Office for action. At a minimum, the program will consist of the following:

1. Developing an environmental compliance manual covering general areas of federal, state and local environmental regulations, including management of industrial wastewater and hazardous waste; regulatory agency notifications in case of spills, releases, emissions or discharges of pollutants into the environment; dealings with regulatory inspectors and personnel, and the importance of accuracy, timeliness and honesty in reporting to regulatory agencies all information required by the Clean Water Act and other federal and state environmental statutes, regulation, programs and permits.

2. MES will assure that there is a system in place which requires its employees to report environmental noncompliance without fear of retribution. See U.S.S.G. § 8B2.1 (b)(5)(C).

3. MES will set up a system for providing systematic training to new employees and refresher training for other employees on federal, state and local environmental statutes and regulations.

C. **Environmental Audit**

In addition to the $50,000.00 in community service projects, MES agrees to have an independent environmental consultant conduct an environmental audit of its facility during the period of probation, with the findings, any proposed corrective action, and a schedule for correction reported in writing to the United States, the Probation Office, the U.S. Environmental Protection Agency, and the Virginia Department of Environmental Quality ("VADEQ"). The consultant will

follow generally accepted environmental auditing techniques, procedures and policies in designing and executing the audits, including the reporting of deficiencies and corrective measures. The audit will cover all regulated environmental matters at the MES facility.

5.   **Corporate Authorization**

The defendant will provide to the Court and to the United States written evidence in the form of a notarized resolution of the Board of Directors with both notary and corporate seals, certifying that the defendant corporation is authorized to plead guilty to the felony charges set forth in the Information, and to enter into and comply with all provisions of this agreement. The resolution shall further certify that Jerry R. Askew, the President of the defendant corporation, is authorized to take these actions and that all corporate formalities, including but not limited to, approval by the defendant's directors, required for such authorization, have been observed. The defendant agrees that President Jerry R. Askew shall appear on behalf of the company to enter the guilty plea and for imposition of the sentence in the United States District Court for the Eastern District of Virginia.

6.   **Organizational Changes**

The defendant shall not, through a change of name, business reorganization, sale or purchase of assets, divestiture of assets, or any similar action, seek to avoid the obligations and conditions set forth in this plea agreement. This plea agreement, together with all of the obligations and terms hereof, shall inure to the benefit of and bind partners, assignees, successors-in-interest, or transferees of the defendant.

7.   **Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offense. The defendant admits the facts set forth in the statement of facts filed with this plea agreement and

agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The statement of facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines.

8.   **Assistance and Advice of Counsel**

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

> a.   the right to plead not guilty and to persist in that plea;
>
> b.   the right to a jury trial;
>
> c.   the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings; and
>
> d.   the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

9.   **Role of the Court and the Probation Office**

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above but that the Court will determine the defendant's actual sentence in accordance with Title 18, United States Code, Section 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation

Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), the Court, after considering the factors set forth in Title 18, United States Code, Section 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

10. **Waiver of Appeal**

The defendant also understands that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b).

11. **Dismissal of Other Counts**

In exchange for MES guilty plea to Count One of the Indictment, the Government will agree to dismiss all other counts in the Indictment.

12. **Immunity from Further Prosecution in this District**

In return for the complete fulfillment by the defendant of its obligations under this agreement, the United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the Indictment and statement of facts or for other

violations of federal criminal law which are presently known to said office.

**13.    Breach of the Plea Agreement and Remedies**

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

  a. The United States will be released from its obligations under this agreement, including any obligation to seek a downward departure or a reduction in sentence. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

  b. The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

  c. Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other

agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence. The proceeding established by this paragraph does not apply, however, to the decision of the United States whether to file a motion based on "substantial assistance" as that phrase is used in Rule 35(b) of the Federal Rules of Criminal Procedure and Section 5K1.1 of the Sentencing Guidelines and Policy Statements. The defendant agrees that the decision whether to file such a motion rests in the sole discretion of the United States.

14.   **Nature of the Agreement and Modifications**

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and the defendant's counsel acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

        Neil H. MacBride
        United States Attorney

By: _____
        Joseph L. Kosky
        Assistant United States Attorney
        Attorney for the United States
        United States Attorney's Office
        101 West Main Street, Suite 8000
        Norfolk, VA 23510
        Office Number - 757-441-6331
        Facsimile Number - 757-441-6689
        E-Mail Address - joseph.kosky@usdoj.gov

By: _____
        David Lastra
        Special Assistant United States Attorney
        U.S. Environmental Protection Agency
        1200 Pennsylvania Avenue, NW
        MC 8233P
        Washington, DC 20460
        Office Number - 703-347-8417
        Facsimile Number - 703-847-8421
        E-Mail Address - lastra.david@epa.gov

APPROVED:

_____
Howard J. Zlotnick
Managing Assistant United States Attorney

Date of Approval:

5/10/11

Defendant's Signature: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal information. Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

MARINE ENVIRONMENTAL SERVICES, INC.

Date: 5/16/2011

By: Jerry R. Askew
President

Defense Counsel Signature: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending information. Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 5/16/11

Trey Kelleter
Counsel for the Defendant

11

U. S. DEPARTMENT OF JUSTICE
Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION ||
|---|---|
| CRIM. ACTION NO.: | 4:10cr 112 |
| DEFENDANT'S NAME: | MARINE ENVIRONMENTAL SERVICES, INC.. |
| PAY THIS AMOUNT: | $400.00 |

INSTRUCTIONS:

1. MAKE CHECK OR MONEY ORDER PAYABLE TO:
   *CLERK, U.S. DISTRICT COURT*

2. PAYMENT MUST REACH THE CLERK'S OFFICE BEFORE YOUR SENTENCING DATE

3. PAYMENT SHOULD BE SENT TO:

|  | In person (9 AM to 4 PM) | By mail: |
|---|---|---|
| Alexandria cases: | | Clerk, U.S. District Court<br>401 Courthouse Square<br>Alexandria, VA 22314 |
| Richmond cases: | | Clerk, U.S. District Court<br>701 East Broad Street, Suite 3000<br>**Richmond, VA 23219** |
| Newport News cases: | | Clerk, U.S. District Court<br>2400 West Ave, Ste 100<br>Newport News, VA 23607 |
| Norfolk cases: | | Clerk, U.S. District Court<br>600 Granby Street<br>Norfolk, VA 23510 |

4. **INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER**

5. ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT